SOUTHERN SURETY CO. v. HARTMAN. (No. 5958.)

(Court of Civil Appeals of Texas. Austin. Oct. 23, 1918. Rehearing Denied Nov. 20, 1918.)

1. APPEAL AND ERROR  263(3)—EXCEPTION TO SPECIAL CHARGE.

Failure to except to court's refusal to give special charge requested was waiver of right to assign error thereto.

2. APPEAL AND ERROR  263(1)—FAILURE TO EXCEPT TO CHARGE.

Failure to except to the general charge of court does not preclude court on appeal from considering appellant's objections thereto.

3. INSURANCE ⬦═451(1)—ACCIDENT POLICY—LIMITING CLAUSE.

Clause in accident policy providing that policy did not cover railroad employés while on duty near track is not inconsistent with caption providing insurance against accident "to the extent herein provided," and precluded recovery under policy for accident to flagman while on duty at railroad crossing.

Appeal from McLennan County Court; E. M. Mann, Special Judge.

Action by C. H. Hartman against the Southern Surety Company. From judgment rendered, defendant appeals. Reversed and rendered.

Jno. T. Suggs, of Denison, and J. D. Williamson and Allan V. McDonnell, both of Waco, for appellant.

Forrester & Stanford, of Waco, for appellee.

JENKINS, J. This was a suit by appellee to recover of appellant upon an accident policy. The caption of the policy is as follows:

"Universal Limited $7.50 Accident and Sickness Policy, providing indemnity for loss of life, limb, limbs, sight or time, by accidental means or for loss of time by sickness, to the extent herein provided."

The policy set out numerous and various diseases and sicknesses insured against. Clause D was the limiting clause, reading as follows:

"This policy does not cover railroad, news company or government mail service employés while on duty, excepting those whose duties call them solely in the office and away from track, train, yard, roundhouse and repair shop; or persons in mines or handling explosives; or aeronauts."

Appellee's occupation is given as flagman at railroad crossings, and he was engaged in that occupation at the time his application for the policy was made. He was injured while in that occupation, by an automobile running against him. The court peremptorily instructed the jury to find in favor of appellee.

Appellant's first assignment of error is that the court erred in refusing to give the peremptory instruction requested by defendant, that the plaintiff, C. H. Hartman, take nothing by his suit.

The second assignment is that the court erred in overruling defendant's objections and exceptions to the court's charge, and in giving the peremptory instruction for plaintiff.

Appellee objects to the consideration of each of these assignments, for the reason that it is not made to appear by appellant's brief that it excepted to such action by the court.

[1] We sustain this objection as to the first assignment. Failure to except to the giving of the special charge requested was waiver of all objections to the action of the court in refusing the same.

[2] As to the second assignment, it has been held by our Supreme Court that it is not necessary to except to the action of the

court in giving a general charge. For which reason, we have considered this assignment. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184.

It is the contention of appellee that clause D is contradictory of other portions of the policy, and that, inasmuch as appellant knew at the time it insured appellee that he was engaged in employment on a railroad track, this clause cannot be considered.

[3] There is no contradiction between the terms of the policy, which insures appellee against all injuries by accident except those excluded by the plain terms of the policy. The policy was valid as to all accidental injuries which might have been received by appellee, except those while engaged in his duty under his employment on the railroad track. It having been shown, without contradiction, that he was so engaged at the time he received the injury, to recover for which this suit was brought, we sustain appellant's second exception; and reverse this case, and here render the judgment which the trial court should have rendered under the undisputed evidence, to wit, that appellee take nothing by his suit, and that appellant recover all costs in this court, as well as in the court below.

Reversed and rendered.