## NORWOOD v. WASHINGTON FIDELITY NAT. INS. CO. (No. 1837.)

Court of Civil Appeals of Texas. Beaumont. May 3, 1929.

Rehearing Denied May 15, 1929.

Sam'l Schwartz, of Houston, for appellant.
J. M. Gibson, of Houston, for appellee.

O'QUINN, J. Appellant sued appellee in the county court at law of Harris county to recover on an accident insurance policy issued by appellee. The cause was tried to the court without the aid of a jury as an agreed case, under the provisions of article 2177, R. S. 1925. The only question presented to the court was whether under the terms of the

policy appellant was entitled to recover for the loss of time on account of an accidental injury resulting in hernia. Judgment was rendered denying appellant the right to recover, and he brings this appeal.

The following agreed statement of facts was filed with the clerk of the court, and is duly certified by the court as that upon which the case was tried:

### "Agreed Statement of Facts.

"The parties to the above entitled and numbered cause agree that the following is a statement of facts upon which judgment shall be rendered therein, the controversy being submitted to the court upon same as such agreed statement of facts: .

"The plaintiff, William Norwood, is a resident of Harris County, Texas; the defendant, Washington Fidelity National Insurance Company, of Chicago, Illinois, is a private, foreign corporation, engaged in the business of writing accident insurance, among other forms of insurance, and at all times material to this controversy was duly authorized to transact business in the State of Texas, by virtue of a permit issued to it by the proper officials of the State of Texas.

"That on or about the thirteenth day of December, A. D. 1926, in consideration of the payment by plaintiff of all dues and premiums charged by it, the defendant issued and delivered to the plaintiff a certain policy of insurance, No. X513720, which is hereto attached, marked Exhibit 'A.'

"That on or about the 28th day of February, A. D. 1927, while plaintiff was engaged in the course of his employment as a common laborer, assisting another employee in lifting a heavy piece of timber, he accidentally received and sustained a hernia, and as the direct and proximate result of his said injury was immediately, continuously and totally disabled from performing manual labor or pursuing his occupation aforesaid, for a period of more than twenty six (26) weeks from and after said last mentioned date; that at and prior to his said injury plaintiff was in good health and had never theretofore been afflicted with hernia in any degree or form, and was able to perform his customary duties as a laborer; that at the time of his said injury, said policy of insurance. was in full force and effect, and plaintiff had in all respects complied with the terms, conditions and stipulations of said policy of insurance on his part to be performed, and had paid all dues, premiums and assessments therein provided; that in due time plaintiff gave notice of his injury aforesaid, and demanded of the defendant the payment of the weekly indemnity in said policy provided; that thereafter the defendant paid plaintiff the total sum of forty-two ($42.00) dollars, covering the amount due him for the first four weeks, but has failed and refused to pay any further indemnity and has denied liability under said policy; that more than thirty (30) days have expired since demand has been made by the plaintiff for the payment of the balance of the indemnity claimed by him under the terms of said policy, amounting to the principal sum of three hundred and eight ($308.00) dollars; that the defendant has failed and refused and still fails and refuses to pay plaintiff any further sums and plaintiff has been compelled to engage the services of Samuel Schwartz, an attorney at law, of Houston, Harris County, Texas, to bring this suit, and has agreed to pay him a fee of one-half of such amount as may be recovered by plaintiff for services rendered and to be rendered herein, such being a reasonable and proper fee, for such legal services.

"Witness our hands in triplicate originals by our attorneys of record, this 6th day of February, A. D. 1928. Wm. Norwood, Pltff. By Sam'l Schwartz, His Atty. of Record. Washington Fidelity National Ins. Co., Deft. By J. M. Gibson, Its Atty. of Record."

We do not deem it necessary to set out in full the provisions of the insurance policy, but only the two provisions involved, which are:

### "Weekly Indemnity.

"Part 3. If such injuries sustained solely through external, violent and accidental means, independently of all other causes, do not result in death or any of the losses above stated, but immediately and continuously totally disable the Insured from doing work of any nature, the Company will pay a weekly indemnity of Fourteen Dollars ($14.00), provided, however, that the indemnity for the first two (2) weeks of total disability from any accident shall be one-half of the amount herein stated. In no event shall indemnity be paid for a longer period than twenty-six (26) weeks on account of disability from any one accident."

Appellant pleaded this provision as the basis for his right to recover.

### "Provisions.

" * * * 3. Accidental Death, Dismemberment, Loss of Sight, or Weekly Indemnity, shall not be payable for, or as a result of, Ptomaines, Fits, Vertigo, Cerebral Hemorrhage, Orchitis, Hernia, Typhoid Fever, or disease in any form; or for Miscarriage or Premature Birth, Sunstroke, Overheating, Freezing, Gun Shot Wounds, Stabs, Erysipelas, Tetanus, Blood Poison or Septic Infection; or for injury that is intentionally self-inflicted whether sane or insane, or intentionally inflicted upon the Insured by another sane or insane person, or sustained by the Insured in War or Riots, or while engaged in Mining, Braking or Switching on Railways, or Aerial Navigation; or at a time when the Insured is delirious or under the influence of any narcotic or intoxicant; or while fight-

844

ing or violating any law, homicide or attempt thereat; or for any poison taken internally, or alcoholism in any form."

Appellee invoked this provision against its liability.

 There can be no question but that, under the first provision above quoted and pleaded by appellant, appellee is liable for the indemnity claimed by appellant, unless it is relieved of liability by the second provision set forth and upon which appellee relies. The facts show that appellant was accidentally injured, resulting in hernia. Appellee insists that, even if the injury was caused by accidental means, the disability of appellant resulted from the hernia, and that the said last-quoted provision of the policy relieved it from liability for indemnity. The court held with appellee's contention. We do not agree with the court in this construction of said clause of the policy. The proper interpretation of this provision is that, where the disability for which the indemnity is claimed results from hernia, with which the claimant was afflicted at the time the policy was issued, then liability would not exist, but where, after the policy is issued, hernia is produced by violent, external, and accidental means, resulting in disability, the insurance company is not exempt from liability under this provision. 1 C. J. p. 453, § 128; Atlanta Accident Association v. Alexander, 104 Ga. 709, 30 S. E. 939, 42 L. R. A. 188; Travelers' Insurance Co. v. Murray, 16 Colo. 296, 26 P. 774, 25 Am. St. Rep. 267; Thornton v. Travelers' Insurance Co., 116 Ga. 121, 42 S. E. 287, 94 Am. St. Rep. 99. We think the interpretation we have given this provision of the policy is that which its words plainly convey, but, if there is doubt as to its meaning, then the rule is that, in the construction of a policy of accident insurance, that interpretation is to be placed upon the words of the policy which is most favorable to the insured, and all ambiguities and doubts are to be resolved in favor of the insured and against the insurer, especially when the insured has established a prima facie right to recover under the terms of the policy, and the insurer is seeking to defeat such liability by showing that the act complained of is within one of the exceptions reserved in the contract of insurance as a defense to an action on the policy.

The only question before us being as to the right of appellant to recover, and we having held that appellee was liable under its policy, it follows that the judgment should be for appellant. The policy provided weekly indemnity for 26 weeks at $14 per week, except that the first two weeks should be $7 per week. Therefore the entire indemnity amounted to $350. Of this $42 had been paid, leaving $308 due; the whole weekly indemnity period having elapsed before the filing of the suit.

█ In his petition appellant pleads and prays for the 12 per cent. penalty and a reasonable attorney's fee, as provided by article 4736, R. S. 1925. $100 is alleged as a reasonable attorney's fee. Appellant is entitled to the 12 per cent. penalty, $36.96, but there is no proof whatever as to the reasonableness of the attorney's fee asked. We think the sum mentioned is reasonable, and, had there been any proof as to it, would have allowed the fee in that sum, but, there being no proof, the case as to this feature will have to be reversed and remanded for proof.

The judgment of the trial court will be reversed and here rendered in favor of appellant for the amount of indemnity due him, $308 and 12 per cent. penalty thereon, $36.96, aggregating $344.96, with interest thereon at the rate of 6 per cent. per annum from May 17, 1928, the date of the judgment in the trial court. And the judgment will be reversed as to the attorney's fee and remanded to the court below for hearing as to what amount appellant is entitled.

Reversed and rendered in part, and reversed and remanded in part.