### AMERICAN INS. CO. v. PERSKY.

### No. 8387.

Court of Civil Appeals of Texas. Austin.

Nov. 25, 1936.

R. R. Robertson, of Dallas, for plaintiff in error.

Kerr & Gayer and Worth B. Durham, all of San Angelo, for defendant in error.

McCLENDON, Chief Justice.

Appeal by the insurance company from a judgment awarding recovery against it under an accident policy in which appellee was beneficiary, and her deceased husband was the insured. The trial was to the court without a jury; and the only assignment of error is to the effect that "all of the evidence adduced at the trial of this cause shows that the death of the insured, Eli Persky, was not caused or brought within the provisions of the policy sued on in this cause."

The assignment does not point out in what particular the evidence is insufficient in this regard; and there is no proposition supporting the assignment in the brief. The assignment is followed by fifteen pages of Q. and

A. testimony of appellee and her husband's physician.

We quote appellant's argument in full: "I know the Court will do its own research work, but I would suggest to the Court that the authorities cited substantiate the view point that the death of the insured, Eli Persky, was not caused by the taking of the medicine independently and exclusive of all other causes, for the reason that all of the evidence shows that the said insured, Eli Persky, was suffering from high blood pressure and heart trouble long prior to his death, and that by no stretch of the imagination would the facts proved bring the cause of loss within the terms of the policy sued upon."

We assume from the argument that the point which appellant seeks to raise under the assignment is that the overdose of medicine which insured took was not the sole cause of his death, but that the named infirmities were contributing causes thereto.

Without approving the manner in which the case is briefed, we have, none the less, examined the testimony and have reached the conclusion that in any event the evidence was sufficient to eliminate the stated infirmities as a contributing cause to insured's death. No question is raised as to his taking the medicine, that the quantity taken was sufficient to produce death independently of other causes, and that he died within 20 minutes after he had taken it. Under these circumstances the burden was upon appellant to show that the named infirmities were contributing causes to insured's death. Ætna Life Ins. Co. v. Hicks, 23 Tex.Civ.App. 74, 56 S.W. 87 (error refused). Assuming that the evidence was sufficient factually to meet this burden, it did not conclusively establish such contribution.

Appellant does not summarize the evidence or point out the particular portions thereof which it claims establish the point upon which it seeks reversal. Under these circumstances, we do not feel that our duty extends beyond an examination of the record and expressing our views upon its general effect.

The trial court's judgment is affirmed.

Affirmed.