## PROVIDENT LIFE & ACC. INS. CO. v. SIMS.

### No. 3808.

Court of Civil Appeals of Texas. Beaumont. Feb. 25, 1941.

Rehearing Denied March 12, 1941.

Arthur J. Thompson and A. A. Seale, both of Nacogdoches, for appellant.

P. A. Sanders, of Nacogdoches, for appellee.

WALKER, Chief Justice.

This appeal was prosecuted by appellant, Provident Life & Accident Insurance Company, from the judgment of the County Court of Nacogdoches county in favor of appellee, Roscoe B. Sims, for disability benefits for nine months at $40 per

month, with interest and twelve percent, statutory damages, claimed under appellant's policy of accident insurance issued to appellee on May 1, 1939. We give the following material provisions of the policy:

"Provident
"Life and ·Accident
"Insurance Company

"In Consideration of the payment of $6.00 on or before the delivery hereof and of the statements and agreements contained in the application for this policy, a copy of which is endorsed hereon and made a part hereof: "Does Hereby Insure Roscoe B. Sims "(hereinafter called the Insured), the person described in the copy of the application, classed by the Company as Logger for the period from noon of May 1 1939, until noon of June 1 1939, Standard Time, at the place where the insured resides, and subject to all of the provisions, conditions and limitations contained herein or endorsed hereon.

"The
Insuring
Clause.
"Against—(1) The effects resulting directly and exclusively of all other causes, from Bodily Injury sustained during the life of this policy solely through external, violent and accidental means of which there are external marks on the body of the Insured, hereinafter called 'such injury'; * * *

"Part 1.

"Section (a)—The Monthly Indemnity for Accident or Sickness, is Forty $40.00 * * *

"Part 3. Monthly Accident Indemnity

"Sec. (a) If 'such injury' shall from the date of the accident totally, solely, and continuously disable and prevent the Insured from performing each and every duty pertaining to any business or occupation, the Company will pay monthly indemnity, for such period of total disability (not exceeding twelve consecutive months) at the rate specified in Section (a) of Part 1. * * *

"Part 15. Not Covered

"This policy does not cover suicide or any attempt thereat, sane or insane, or hernia (except that in the event of disability or loss resulting from hernia or operation therefor, the company will pay the monthly indemnity provided in Part 1 for the period of such disability, not exceeding fourteen days)."

It is conceded that appellee, after the policy had been delivered and was in full force and effect, suffered a hernia within the coverage of the policy, and only a hernia; appellant makes no attack upon the verdict of the jury fixing the term of disability at nine months, the only issue sent to the jury.

The trial court overruled appellant's motion for an instructed verdict, that on the face of the policy it was liable for disability compensation for only fourteen days at the rate of $40 per month; and that ruling is assigned as error. The ruling of the court was not error. Subject to all the provisions, conditions and limitations of its policy, appellant insured appellee against the effects resulting directly and exclusively of all other causes, from bodily injury sustained during the life of the policy solely through external violent and accidental means. As stated above, it is conceded that appellee suffered the hernia within this coverage. By the provisions of the policy, appellant was bound to pay appellee a monthly indemnity of $40 per month during the duration of his disability resulting from hernia, not to exceed twelve consecutive months, on the condition that, if "such injury" shall from the date of the accident totally, solely, and continuously disable and prevent appellee from performing each and every duty pertaining to any business or occupation. Appellant concedes that appellee's disability continued for nine months within this condition. So, on the conditions of the policy thus reviewed, appellee was entitled to his compensation for the nine months.

But appellant contends that Part 15 limited appellee's coverage for hernia to fourteen days; Part 15 expressly so provides. Thus, we have a direct conflict between the coverage provided by Parts 1 and 3 and the coverage provided by Part 15. Part 15 does not fall within "the conditions and limitations" provided for in the first paragraph of the policy, but is a withdrawal of hernia from the coverage at the rate of $40 per month. This conflict creates an uncertainty and ambiguity in the construction of the policy, and invokes the following rule: "It is agreed that if an insurance contract is so drawn as to be equivocal, uncertain, or ambiguous, and to require interpretation because fairly susceptible of two or more different, but sensible and reasonable, constructions, the one will be adopted which, if consistent with

83 

the objects of the insurance, is most favorable to the insured." Couch's Cyclopedia of Insurance Law, Vol. 1, 392, par. 188.

The facts of this case bring it within the rule announced by this court in Norwood v. Washington Fidelity Nat. Ins. Co., Tex.Civ.App., 16 S.W.2d 842.

Appellant would distinguish the Norwood case on the ground that "in the instant case the policy does not exclude hernia entirely, but limits the payment to be made in case of injuries resulting from hernia." The distinction is not controlling. In the case at bar, appellant in Parts 1 and 3 contracted to pay a monthly indemnity of $40 from disability resulting from hernia; in Part 15 appellant seeks to limit the disability to fourteen days, thereby creating the conflict which invokes the general rule cited above. Again, appellant would distinguish the Norwood case on the ground that "no limitation was placed on the insurance clause." The court's opinion in that case does not reflect the limitation on the insurance clause, but in writing this opinion we have the policy in that case before us, and it provides:

"In Consideration of the application for this policy, which is hereby referred to and made a part of this contract, and in further consideration of the payment in advance of the premium stated in schedule below, on or before Monday each week, the Washington Fidelity National Insurance Company, subject to the provisions hereof, will pay to the beneficiary * * *."

The authorities cited by appellant, as we understand them, are not in point on the facts of this case. In Century Indemnity Co. v. Carroll, 126 Tex. 214, 86 S.W.2d 93, the Commission of Appeals held that extracting the tooth was the accidental means of causing the death of Mrs. Carroll, and being external the violence fell within the coverage of the policy. Recovery was denied in that case, not on the theory that that particular injury was not within the coverage of the policy, but on the conclusion that the injury, though covered generally by the policy, was received under conditions which denied liability.

The principle of law which distinguishes Century Indemnity Co. v. Carroll also distinguishes the other authorities cited by appellant. National Life & Accident Ins. Co. v. De Lopez, Tex.Civ.App., 207 S.W. 160; Flint v. Travelers' Ins. Co., Tex.Civ.App., 43 S.W. 1079; Southern Surety Co. v. Hartman, Tex.Civ.App., 206 S.W. 379; Illinois Bankers' Life Ass'n v. Floyd, Tex.Com.App., 222 S.W.2d 967; Travelers' Ins. Co. v. Harris, Tex.Com.App., 212 S.W. 933.

 Appellant assigns error against the judgment of the court awarding appellee twelve percent damages on the principal amount of $360. Under Article 4736, R.C.S., 1925, Vernon's Ann.Civ.St. art. 4736, appellee rested under the burden of sustaining by proof that appellant failed to pay the compensation provided by the policy "within thirty days after demand therefor." We find no evidence in the record of any "demand" made upon appellant by appellee. The evidence goes no further than to show that appellant, on the 8th day of May, 1940, tendered appellee its check for the sum of $18.66 "in full settlement of any and all claims" growing out of his hernia, and that under his instructions his attorney returned this check to appellant. Article 4736 being highly penal must be strictly construed, and strict compliance with its provisions must be made by the claimant in order to invoke the penalty. General American Life Ins. Co. v. Martin, Tex.Civ.App., 137 S.W.2d 139; Washington Fidelity Nat. Ins. Co. v. Williams, Tex.Com.App., 49 S.W.2d 1093. It has been held that the filing of the proof of loss does not constitute a "demand" within the terms of the statute. Commonwealth Casualty Co. v. Thompson, Tex.Civ.App., 38 S.W.2d 351. And that the filing of the suit does not constitute the statutory "demand". American Nat. Ins. Co. v. Shelton, Tex.Civ.App., 83 S.W.2d 698.

It follows that the judgment of the lower court should be affirmed in part, and in part reversed and remanded, and it is accordingly so ordered.

Affirmed in part and in part reversed and remanded.