KELLAS, J.
On or about February 25th, 1950, defendant insurance company entered into an accident insurance policy agreement with plaintiff, with a medical rider attached thereto. While said policy with said rider attached was in full force and effect, plaintiff sustained a hernia resulting directly and independently from all other causes, from accidental injuries. Plaintiff was disabled thereby for a period of 29 weeks and incurred medical expenses in the treatment of his injuries in the sum of $474.80. Judgment was rendered by the lower court for the plaintiff in the sum of $1,199.80, and defendant appeals.
Appellant contends that its liability to the respondent is limited, by the provisions of paragraph IV of the policy, to two weekly disability payments, as therein set out, and nothing more. Respondent contends that the policy is ambiguous and, therefore, appellant’s liability cannot be restricted in any regard.
The policy agreement in question provides that appellant “does hereby insure Manuel Kindsvater . . . in consideration of the premium of Eighty-Nine and 55/100 Dollars for the term of twelve months from the Twenty-Fifth day of February, 1950, beginning and ending at 12:01 A. M., standard time at the place where the Insured resides, subject to the provisions and limitations contained herein or endorsed hereon, against loss, as herein defined, resulting directly and independently of all other causes, from accidental bodily injuries sustained during the term hereof, referred to hereinafter as “such injuries,” as follows:
“Principal Sum—Two Thousand and no/100 Dollars ($2,000.00)
“Weekly Indemnity—Twenty-Five and no/100 Dollars ($25.00)
“Issued with: MR Medical Expense Rider—Limit: ($500.00)”
Part I provides that “if such injuries shall cause continuous total disability, as defined in Part II . . . the Company will pay . . .”.
Part II provides that: “if such injuries shall, within thirty days after the date of accident . . . the Company will pay weekly indemnity at the rate hereinbefore specified for the period of such continuous total disability, but for not exceeding fifty-two consecutive weeks ...”
“No payment of weekly indemnity shall be made in'case of any loss enumerated in Part I, except as therein provided.”
*Supp. 877 In Part III “the insured may elect to take, in lieu of the weekly indemnity provided in Part II . . .”.
Part IV provides: “Hernia Indemnity—If such injury shall result in hernia, however sustained, the Company will pay the weekly indemnity for a period of disability not exceeding two weeks.”
Thereafter, under the paragraph entitled “Exclusions,” it is provided that “the insurance under this Policy shall not cover hernia, however sustained, except as provided in Part IV . . .”.
The medical expense rider, designated “Form MR,” attached, provides as follows:
“This rider shall form a part of and be subject to all the terms, conditions and agreements of Policy No. BA 1-2019 . . .
“In consideration of an additional premium of Included in policy premium Dollars ($32.00) it is hereby agreed that, effective on the 25th day of February, 1950, beginning and ending at 12 -.01 A. M., Standard time at the place where the Insured resides and terminating simultaneously with this Policy, the aforesaid Policy is extended to include the following :
“Hospital, Nurses, Medical and Surgical Expenses—If such injuries shall require, within twenty-six weeks after the date of accident, treatment by a physician or surgeon, hospital confinement or the employment of a trained nurse, the Company will pay, in addition to any other indemnity to which the Insured may be entitled, the actual expenses of such treatment, hospital charges and nurses fees, up to an amount not exceeding Five Hundred and No/100 Dollars ($500.00).”
We fail to see any ambiguity in the policy of insurance. The plain wording of the agreement entitles respondent to two weeks’ disability at $25 per week. The medical rider attached and made a part of the original agreement, for an additional premium, extends the benefits of said rider to the insured up to the sum of $500. The claim here is for less than that amount.
The case of Pendell v. Westland Life Ins. Co., 95 Cal.App.2d 766 [214 P.2d 392], is not in point. The case of Provident Life Ins. Co. v. Sims, (Tex.Civ.App.) 149 S.W.2d 281, is readily distinguishable.
In the latter case, as the court points out, there was an attempt to withdraw liability undertaken by the insurer in the insuring clause. The resulting ambiguity was properly *Supp. 878 resolved against the insurer and in favor of the insured. In the case before us, the insuring clause expressly limits the liability of the insurer in the case of hernia to two weekly disability payments of $25 each. As an additional precaution, further disability benefits for hernia are expressly excluded under the “Exclusion” paragraph. Respondent’s “loss,” as referred to in the insuring clause and as defined thereafter in the policy, is two weeks’ disability of $50.
For an additional premium appellant engaged itself to pay medical expenses incurred for treatment of an injury arising from an insured risk if occurring within 26 weeks after the date of accident, this being the only limitation or condition in the rider agreement. Respondent incurred expenses in the sum of $474.80 for an insured risk within the time stated and is, therefore, entitled to the benefits of said rider, "or $474.80.
It is, therefore, the order of this court that the judgment of the lower court be modified as follows: 11 That the plaintiff do have and recover of and from defendant the sum of $524.80, with interest thereon at the rate of 7% per annum from November 1st, 1951, until paid, together with plaintiff’s costs and disbursements incurred in said action. ’ ’
As modified, the said judgment is affirmed. Appellant to recover its costs of appeal.
Shepard, P. J., and Conley, J., concurred.