AMERICAN EXCHANGE LIFE INSURANCE COMPANY, Appellant,

v.

Marlin WILLIS, Appellee.

No. 387.

Court of Civil Appeals of Texas.

Tyler.

Oct. 31, 1968.

Stigall, Maxfield & Collier, John F. Maxfield, Dallas, for appellant.

Richard W. Fairchild, Nacogdoches, for appellee.

MOORE, Justice.

This is an appeal from a judgment of the trial court awarding appellee, Marlin Willis, a recovery for certain hospital and total disability benefits at the rate of $200.-00 per month, together with 12% damages and reasonable attorney's fees upon a policy of insurance issued by American Casualty and Life Insurance Company on May 7, 1962, which policy was subsequently assumed by the appellant herein.

Appellee alleged that while the policy was in full force and effect, he sustained accidental bodily injuries in an automobile-truck collision resulting in total disability for approximately seven months.

Appellant denied liability and alleged alternatively that if appellee was entitled to total disability benefits, appellee's recovery was limited by the "Reductions, Exclusions and Limitations" clause of the policy to a period of three months' disability at the rate of $100.00 per month. Appellant tendered appellee such sum in full settlement and when he refused to accept it, appellant deposited the sum of $300.00 into the Registry of the Court.

The cause was submitted to the court, sitting without a jury. The trial court rendered judgment for appellee awarding him total disability benefits in the sum and amount of $957.92; hospitalization benefits in the amount of $452.64, plus a 12% statutory penalty, together with attorney's fees in the sum and amount of $850.00. From this judgment appellant has duly perfected this appeal.

The first paragraph of the policy provides in part, as follows:

"* * * the company * * * hereby insures MARLIN WILLIS * * * against loss of life, limb, sight, or time,

and hospital expense resulting directly and independently of all other causes from accidental bodily injuries received by the Insured * * * while this policy is in force; * * * subject to all provisions and limitations hereinafter contained.

\* \* \* \* \* \*

"PART 1. MONTHLY INCOME INDEMNITY FOR DISABILITY FROM ACCIDENT

"A. TOTAL DISABILITY—If such injury shall from the date of the accident wholly and continuously disable the Insured from performing each and every duty pertaining to any business or occupation and result in the total loss of time, the Company will pay for the period of such disability beginning with the first visit of the physician or surgeon and ending with the last visit, during such disability, at the rate of $200.00 per month but not to exceed the total of 60 months for disability resulting from any one accident.

\* \* \* \* \* \*

"PART 2. MONTHLY INCOME INDEMNITY FOR DISABILITY FROM SICKNESS

\* \* \* \* \* \*

"B. TOTAL LOSS OF TIME—NONCONFINING SICKNESS—If such sickness shall disable the insured from performing each and every duty pertaining to any business or occupation but not necessarily confine the Insured within doors, the Company will pay for the period of such disability at the rate of $100.00 per month but not to exceed a total of three months for disability resulting from any one sickness.

"PART 3. MONTHLY INDEMNITY FOR HOSPITALIZATION—SICKNESS OR ACCIDENT

"The monthly indemnity otherwise payable for injury or sickness shall be increased to double the amount provided Part 1 or Part 2 for such time not to ex-

ceed a total of three months that the Insured is confined by reason of injury sickness covered hereunder in a regularly incorporated and licensed hospital (United States Government or State hospital excepted) recognized as such by the American Hospital Association and the American Medical Association.

\* \* \* \* \* \*

"REDUCTIONS, EXCLUSIONS AND LIMITATIONS

"1. Any injury or sickness associated with or resulting directly or indirectly from or contributed to by nervous or mental disorder, syphilis or any other venereal disease, *sprained or lame back* gunshot wounds, pregnancy, or any disease or disorder of the organs peculiar to women shall be deemed due to sickness and indemnity therefor shall be payable only as *provided in Part 2–B,* irrespective of whether the Insured is or is not necessarily confined within doors. \* \* \*" (Emphasis supplied).

Briefly stated, the evidence shows that on April 6, 1966, while the above policy was in force and effect, appellee sustained injuries to his chest, legs, abdomen, shoulders and back as the result of a severe automobile-truck collision. Appellee testified that as a result of the accident, he was totally disabled from performing each and every task of his employment from the date thereof until October 15, 1966, when he resumed his employment. He testified that he had remained under the care of a physician at all times subsequent to the date of the accident until September, 1966; that immediately after the accident, he was confined to the City Memorial Hospital in Nacogdoches from April 11, 1966, to May 7, 1966, and from May 10, 1966, to June 7, 1966, and thereafter was confined in the Nan Travis Memorial Hospital in Jacksonville from June 7, 1966, to June 22, 1966. He further testified that for many years prior to the time he sustained injuries as a result of the accident, he had been engaged in the logging business which involved hard manual labor such as lifting, bending,

stooping and other movements of his body, particularly his back. According to his testimony, he had performed hard manual labor all his life and had never experienced any trouble with his back. He testified that although he was involved in a previous automobile accident in 1963, he did not sustain an injury to his back, but suffered only facial wounds and chest injuries. Other witnesses testified that they had worked with him in the logging business and had observed him doing hard manual labor and that he never complained of any trouble with his back or gave the appearance of having any difficulty with his back.

Dr. Pennington, his physician, testified that when he first saw appellee on April 8, 1966, he complained of pain in his right back, lower chest and abdomen. He further stated that he had no record that appellee's shoulder complaint was related to the injury and that the general soreness across his chest and upper abdomen was a result of severe muscle spasm in appellee's back. During the time of appellee's first period of hospitalization, Dr. Pennington testified that his diagnosis was acute lumbar strain with a secondary diagnosis of arthritis and spondylitis of the dorsal vertebrae. He testified that the lumbar strain was severe and had so much spasm that he felt Willis must have had some tearing of the muscles; that the arthritis and spondylitis were considered to be degenerative changes due to the aging process; that these conditions did not render Willis's back more susceptible to original injury but might make the difference as to the outcome of the injury; that the collision was such as would be calculated, within itself, to cause a lumbar strain in a person who did not have such trouble; that during the period from April 8, 1966, to August 31, 1966, Willis was totally disabled to perform labor and that the severe lumbar strain was, within itself, sufficient to cause his total incapacity during this period.

Appellant contends that the trial court erred in rendering the judgment in excess of $300.00 because there is evidence showing that appellee's condition was associated with, resulted from, or was contributed to by a sprained or lame back. Therefore, appellant argues that under the "Reductions" clause, appellee's disability is limited to three months, irrespective of whether the "sprained or lame back" resulted from accidental injuries received in the automobile collision or not. In other words, appellant seeks to interpret the "Reductions" clause as though it provided that the insured could not recover more than three months' disability if he sustained "any injury * * * consisting in whole or in part * * * from a strained or lame back."

It is a well settled rule in this state that policies of insurance will be interpreted and construed liberally in favor of the insured. Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379; 32 Tex.Jur.2d, page 121, Sec. 60.

It is also well settled that exceptions and words of limitation will be strictly construed against the insurer. Continental Cas. Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762; Providence Washington Ins. Co. v. Proffitt, supra; 32 Tex.Jur.2d, page 119, Sec. 59.

Applying the foregoing rules to the provisions of the policy, we think the proper interpretation is that where the disability for which indemnity is claimed is associated with, results from, or is contributed to by a sprained or lame back, which existed prior to the accidental injury, liability is limited to three months' disability at the rate of $100.00 per month, but where an injury in the nature of a strained or lame back is produced by accidental means, resulting in total disability, liability exists for indemnity at the rate of $200.00 per month, not to exceed 24 months. Norwood v. Washington Fidelity Nat. Ins. Co., (Tex. Civ.App.) 16 S.W.2d 842; Provident Life & Acc. Ins. Co. v. Sims, (Tex.Civ.App.) 149 S.W.2d 281.

"In accident insurance the question whether the insurer is liable for an injury depends on the proximate cause of the loss. The term 'proximate cause,' as here used, means the same as in other insurance cases, and a provision requiring loss to be caused by accident 'independent of all other causes' is equivalent to a provision requiring it to be the proximate cause." 29A Am.Jur., Sec. 1162, "Insurance," p. 307.

■ It is without dispute that appellee received an injury to his back as a direct and proximate result of the collision. Therefore, the only question is whether the injury sustained in the collision was associated with, resulted from, or was contributed to by a pre-existing sprained or lame back. Appellant having pled the "Reductions" clause as a defense under Rule 94, Texas Rules of Civil Procedure, it was appellee's burden to establish that the accidental injuries to his back were not associated with, did not result from, or were not contributed to by a pre-existing strained or lame back. Powell v. American Casualty & Life Co., (Tex.Civ.App.) 250 S.W.2d 744.

■ Appellant argues that appellee failed to discharge his burden of proof because the testimony of Dr. Pennington shows that appellee was suffering with a pre-existing sprained or lame back caused by arthritis and spondylitis of the dorsal vertebrae and therefore a sprained or lame back was "associated with" or "contributed to" his injuries. We do not agree.

The word "lame" means "crippled or disabled * * * 2. stiff and very painful; as a lame back." Webster's New World Dictionary, College Edition.

As we construe Dr. Pennington's testimony, he testified that appellee's condition was the result of degenerative changes due to the aging process. While some abnormalities were found to exist, we fail to find anything in this testimony indicating that

appellee was suffering from a sprained or lame back prior to the injury.

A policy of insurance is not accepted with the thought that its coverage is to be restricted to an Apollo or Hercules. As so aptly put by Mr. Justice Cardozo in the case of Silverstein v. Metropolitan Life Ins. Co., 254 N.Y. 81, 171 N.E. 914:

"A distinction, then, is to be drawn between a morbid or abnormal condition of such quality or degree that in its natural and probable development it may be expected to be a source of mischief, in which event it may fairly be described as a disease or an infirmity, and a condition abnormal or unsound when tested by a standard of perfection, yet so remote in its potential mischief that common speech would call it not disease or infirmity, but at most a predisposing tendency. * * *"

By rendering a judgment in favor of appellee, the trial court impliedly found appellee sustained a strained back as a result of the automobile accident; that he was totally disabled from April 6, 1966, to August 31, 1966; that the lumbar strain sustained in the collision was a proximate cause of such total disability; that appellee did not have a sprained or lame back prior to the collision, but the injury sustained in the collision itself was a sprained or lame back, and that the injury was not associated with a sprained or lame back, did not result directly or indirectly therefrom, and was not contributed to by a pre-existing sprained or lame back. As we view the record, there is evidence to support each of such findings.

After considering the medical and lay evidence as to the physical condition of the plaintiff before the injury and the fact that he had performed hard labor for many years without any difficulty or pain, we cannot hold that at the time of the occurrence—the automobile-truck accident—his physical condition was such that he had a sprained or lame back which, in the absence of trauma, contributed to his total

**950**

disability. Our conclusion, we think, finds support in the following authorities: Aetna Life Ins. Co. v. Hicks, 23 Tex.Civ.App. 74, 56 S.W. 87, writ denied; Silverstein v. Metropolitan Life Ins. Co., supra; Thibodeaux v. Pacific Mutual Life Insurance Company, 237 La. 722, 112 So.2d 423, 75 A.L.R.2d 1228; 131 A.L.R. 240. Consequently, we conclude that the indemnity provided by the policy for total disability was not limited by the "Reductions" clause. Appellant's first point is overruled.

By the final point of error appellant contends that the attorney's fees awarded by the trial court were excessive. The amount allowed was $850.00.

The right to recover attorney's fees is given and limited by Art. 3.62 of the Texas Insurance Code, V.A.T.S. The statute provides for an award of "reasonable attorney fees for the prosecution and collection of such loss."

Appellee's attorney testified that because of the unique nature of the "Reductions" clause in the policy, he was required to spend from 18 to 20 hours in research prior to the preparation of the pleadings and the trial of the cause. He testified that he had written 20 letters; had numerous telephone conversations with regard to the case; had six conferences with his client ranging from 15 to 45 minutes; appeared at the docket call on three occasions; appeared in court on one occasion in regard to request for admissions; interviewed appellee's doctor on two occasions and had spent one day in court in trial of the cause. He testified that in his opinion $850.00 represented a reasonable fee. Another member of the bar testified that in his opinion, a $950.00 fee would be reasonable. Appellant offered no evidence.

The general rule is that the reasonableness of attorney's fees in an insurance case is a question of fact and that the reasonableness thereof is to be determined by the court or jury. Great American Re-

serve Insurance Company v. Britton, (Tex.Sup., 1966) 406 S.W.2d 901. The nature of the services and the complexity of the legal questions involved are to be considered in determining the reasonableness of the fee. Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155, 160; Weatherly v. Longoria, 292 S.W.2d 139, (Tex. Civ.App.) writ ref., n.r.e.

In view of the detailed testimony as to the time and effort spent by eminent counsel in representing appellee and after considering the entire record, we conclude that the amount awarded for attorney's fees has not been shown to be unreasonable or excessive.

The judgment of the trial court is affirmed.